AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>OBDULIO MOLINA MARROQUIN,<br>ISMAEL LOPEZ MENDEZ, and<br>ISAIAS BRAUILA DE LEON,<br>*Defendant(s)* | Case No.  19-5015-SNOW |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about ___June 21, 2019___, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b). |
| | Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

William B. Reinckens, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 3, 2019

_____
*Judge's signature*

City and state: Key West, Florida

Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, William B. Reinckens, being duly sworn, hereby depose and state the following:

1. I am a Special Agent with the Miami Field Division of the Drug Enforcement Administration and have held this position since 2011. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code. My current responsibilities include conducting federal investigations into criminal originations committing narcotics trafficking, money laundering, and other offenses. I have received training in proper investigative techniques related to narcotics trafficking and other federal offenses.

2. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against Obdulio Molina Marroquin ("MARROQUIN"), Ismael Lopez Mendez ("LOPEZ"), and Isaias Brauila de Leon ("BRAUILA") for knowing and willfully conspiring to possess with intent to distribute five or more kilograms of a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b). As such, this Affidavit does not contain the details of every aspect of this investigation. Furthermore, this Affidavit is based on my personal knowledge, as well as information obtained from other law enforcement personnel.

3. On or about June 21, 2019, while on routine patrol in the Eastern Pacific Ocean, a United States Government Marine Patrol Aircraft ("MPA") detected a go-fast vessel ("GFV1") in international waters approximately 334 nautical miles southwest of the border between Mexico

and Guatemala. The MPA also observed a second go-fast vessel ("GFV2") approximately 20 yards away from GFV1.

4. United States Coast Guard ("USCG") Cutter *VIGOROUS* launched an over the horizon vessel ("OTH") with a boarding team to investigate. As the OTH was nearing GFV1 and GFV2, GFV1 jettisoned suspected fuel canisters and packages into the water and began to flee from the OTH. The OTH approached GFV1 and fired two rounds of warning shots, causing GFV1 to come to a stop.

5. GFV1 had three individuals on board, who were later identified as MARROQUIN, LOPEZ, and BRAUILA, all of whom are Mexican nationals. GFV1 displayed no indicia of nationality. MARROQUIN claimed he was the master of GFV1 and that GFV1 was of Mexican nationality. Based on this, the United States contacted the Government of Mexico to ascertain the nationality of the vessel. The Government of Mexico could neither confirm nor deny the nationality of the vessel. Based on the Government of Mexico's response, the vessel was treated as a vessel without nationality and therefore subject to the jurisdiction of the United States. A full law enforcement board was then conducted.

6. The boarding team observed suspicion factors on GFV1, including inconsistent paint and fresh fiberglass on the bench, gunnel, and bow of the vessel. Ion scans of the hands of MARROQUIN, LOPEZ, and BRAUILA proved positive for the presence of cocaine.

7. USCG recovered several of the packages jettisoned from GFV1. In those packages, law enforcement discovered approximately 37 kilograms of a white powdery substance that field-tested positive for the presence of cocaine.

8. MARROQUIN, LOPEZ, and BRAUILA were transferred from GFV1 to the USCGC *VIGOROUS*, along with the packages of cocaine. GFV1 was then sunk as a hazard to navigation.

9. Based on the foregoing facts, I submit that probable cause exists to believe that MARROQUIN, LOPEZ, and BRAUILA, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally conspire to possess with intent to distribute five or more kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
William B. Reinckens, Special Agent
Drug Enforcement Administration

Sworn to me and subscribed before me this 3rd day of July, 2019.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

3